UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT PENDERGRASS | ) | |
| | ) | |
|     Plaintiff, | ) | Cause No. |
| | ) | |
| v. | ) | Division No. |
| | ) | |
| UNITED FIRE & CASUALTY COMPANY | ) | |
| Serve: c/o Director of Insurance | ) | JURY TRIAL DEMANDED |
|        301 West High Street, Room 530 | ) | |
|        Jefferson City, MO 65101 | ) | |
| | ) | |
|     Defendant. | ) | |

**COMPLAINT**

COMES NOW Plaintiff, Robert Pendergrass, by and through his attorneys of record, Goldblatt & Singer, and for his causes of action against Defendant United Fire & Casualty Company, states and avers as follows:

**GENERAL ALLEGATIONS**

1. At all times herein mentioned, Plaintiff was a resident of Missouri.

2. At all times herein mentioned United Fire and Casualty Company (hereinafter "United Fire") was and is a foreign corporation, doing insurance business in the State of Missouri. Defendant United Fire conducts systematic and routine business in the State of Missouri, including St. Charles County, and is subject to the long arm statutes of Missouri.

3. Defendant United Fire has consented and authorized the Director of Insurance for the State of Missouri to accept service of process arising out of insurance claims made in the State of Missouri.

4. Mexico Road at or about its intersection with Mid Rivers Mall Drive is an open and public road in St. Charles County, Missouri.

5. On September 13, 2016, Plaintiff was operating a 2002 Ford F250 when, at the same time, a car driven by Brandon Roberts (the "underinsured driver"), slammed into the rear of Plaintiff's vehicle due to the underinsured driver's negligence.

6. The collision was sudden and violent, causing serious injuries to Plaintiff.

7. The aforesaid negligence of the underinsured driver directly caused or contributed to cause Plaintiff to sustain serious bodily injury to his neck and back.  Plaintiff was caused and continues to suffer non-economic damages, including pain, loss of quality of life, and distress associated with his injuries, inconvenience, and permanency of injury.

8. Plaintiff also incurred medical bills and lost wages as a result of the underinsured driver's negligence.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiff realleges and incorporates paragraphs 1-8 as if fully set forth herein.

10. At all pertinent times, United Fire was the auto insurer that had underinsured motorist obligations to Plaintiff under insurance policy number 60477371 claim no. 2420082627.

11. At the time of the subject collision, Plaintiff was an "insured" within the terms of the aforesaid policy of insurance.

12. The motor vehicle being driven by Brandon Roberts at the time of aforesaid collision was an "underinsured motor vehicle" within the terms of the aforesaid policy of insurance.

13. Defendant United Fire has been notified of this underinsured motorist claim and has failed and refused and continues to fail and refuse to honor its contract with Plaintiff as to the underinsured motorist coverage.

14. Defendant United Fire does not dispute that Brandon Roberts is 100% at fault and that Plaintiff is 0% at fault for the crash at issue.

15. Defendant United Fire has been provided with a demand packet, including all Plaintiff's medical records and bills, and has failed and refused and continues to fail and refuse to honor its contract as to the underinsured motorist coverage.

16. Defendant United Fire is contractually liable for the cost of any injuries to Plaintiff caused by the underinsured motorist up to the amount of the underinsured motorist policy limits, including economic damages and noneconomic damages, such as compensation for pain and suffering and loss of enjoyment of life caused by the crash at issue.

17. Defendant United Fire's insurance contract applicable to Plaintiff's crash requires United Fire to provide underinsured motorist coverage up to and including the available underinsured motorist coverage policy limits.

18. Defendant agreed to provide insurance that included underinsured coverage that covered Plaintiff in exchange for the payment of money.  Defendant, however, has refused to provide full underinsured coverage benefits to Plaintiff.

19. Plaintiff fulfilled all of his obligations under the Policy and/or tendered performance pursuant to the contract.

20. Defendant United Fire has wrongfully refused to make payment in violation of its contract of insurance.

21. Defendant United Fire has breached its contract of insurance in that it has not paid the full value of Plaintiff damages up to its underinsured motorist limits.

22. Plaintiff suffered damages caused by Defendant's breach of contract, as outlined above.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant United Fire for damages that are fair and reasonable, for his costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances, in an amount in excess of $75,000.00, plus costs herein incurred, interest, and for such other orders as this Court deems just under the circumstances.

## COUNT II
## VEXATIOUS REFUSAL

23. Plaintiff realleges and incorporates paragraphs 1-22, and all other paragraphs of this Complaint, as if fully set forth herein.

24. Plaintiff has demanded payment under United Fire's underinsured motorist coverage, but United Fire has refused and continues to refuse to honor Plaintiff's claims, despite having a reasonable time to do so.  Such refusal is in conflict with the underinsured motor vehicle provision of the policy and without reasonable cause or excuse, and is therefore vexatious.

25. Defendant United Fire has wrongfully refused to make payment in violation of its contract of insurance.

26. Plaintiff has satisfied all conditions required under the Policy, but Defendant has nonetheless vexatiously and unreasonably refused to honor its respective contract, instead choosing to breach it to avoid having to make payments of underinsured motorist coverages.

27. United Fire failed to adopt and implement reasonable standards for a prompt and adequate investigation of claims arising under its policies.

28. United Fire failed to provide promptly a reasonable or just explanation, in relation to the facts or applicable law, for the denial or underpayment or undervaluation of Plaintiff's claims.

29. United Fire refused to pay the full value of the underinsured claim without conducting a reasonable and adequate investigation with respect to the claim.

30. United Fire committed the forgoing acts with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices.

31. United Fire delayed payment of Plaintiff's claims after due demand without substantial justification or a legitimate reason.

32. United Fire has refused to pay for a period of thirty days after due demand prior to the institution of this action to make payment under the terms and provisions of the contract of insurance.

33. United Fire failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim without a reasonable cause or excuse and United Fire's refusal to pay the claimed loss is without a reasonable cause or excuse.

34. Defendant United Fire's failure and refusal are vexatious within the meaning of RSMo. §§ 375.296 and/or 375.420.

35. United Fire unreasonably refused a reasonable request to submit this claim to arbitration.

36. United Fire's refusal to arbitrate the claim was based on an intentional choice to delay proceedings and ultimately, to delay payment as long as possible.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant United Fire for damages that are fair and reasonable, for his costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances, in an amount in excess of $75,000.00, plus costs herein incurred, interest, statutory penalties, attorney fees, and for such other orders as this Court deems just under the circumstances.

**Respectfully submitted,**

**GOLDBLATT + SINGER**

*/s/Amanda N. Murphy*
**AMANDA N. MURPHY #59750MO**
amurphy@stlinjurylaw.com
**8182 Maryland Avenue- Suite 801**
**St. Louis, MO  63105**
**(314) 231-4100—Office**
**(314) 241-5078—Facsimile**
*ATTORNEY FOR PLAINTIFF*