# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT PENDERGRASS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:21-CV-1079 PLC |
| UNITED FIRE and CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant United Fire and Casualty Company's Motion for Joinder of Additional Party and for Leave to File Third-Party Complaint pursuant to Federal Rules of Civil Procedures 14, 19, and 20. [ECF Nos. 22]

Defendant seeks leave to file a third-party complaint against Menard, Inc. (Menards), Brandon Roberts, and Marilyn Gibson alleging Menards wrongfully denied liability and/or insurance coverage for an automobile accident involving Plaintiff and Roberts, and seeking a declaratory judgment regarding the interpretation of Defendant's insurance policy and Menards' truck rental agreement with Gibson. [ECF Nos. 22, 28-1] Plaintiff opposes Defendant's motion asserting joinder is improper under each of the rules cited. [ECF No 27] After reviewing the parties' filings, the Court denies Defendant's motion but grants Defendant leave to file a renewed motion for joinder and leave to file an amended third-party complaint.

### I.     Background

In September 2016, Plaintiff sustained injuries when his vehicle was rear-ended by a Menards' rental truck rented by Gibson and operated by Roberts. [ECF No. 18, 22-1] After the

1

accident, Plaintiff brought suit against Gibson and Roberts in the circuit court of St. Charles County, Missouri. [ECF No. 27-6]

Gibson had an automobile liability policy through Liberty Mutual, which agreed to provide coverage for Roberts. [ECF Nos. 22-1, 27-5] Menards refused to provide liability coverage for Roberts based on Menards' rental agreement with Gibson. [ECF Nos. 22-1, 27-1, 27-2] Plaintiff subsequently settled his claims against Gibson and Roberts for the limits of the Liberty Mutual policy and dismissed his state court action against them.

The vehicle Plaintiff was operating at the time of the accident was owned by his employer, who insured the vehicle through a policy with Defendant that included underinsured motorist coverage (UIM) with a limit of $1,000,000. [ECF Nos. 18, 22-1]  Plaintiff demanded the UIM policy limit from Defendant, and Defendant rejected Plaintiff's claim. [ECF No. 27-4]  In response, Plaintiff filed a complaint in this Court against Defendant for breach of contract and vexatious refusal to pay on the UIM policy. [ECF No. 18]  In its answer, Defendant denied coverage and asserted as a defense that UIM coverage under the policy did not apply until "Menards' policy limits" were exhausted. [ECF No. 19]

Defendant then filed its Motion for Joinder of Additional Party and for Leave to File Third-Party Complaint pursuant to Federal Rules of Civil Procedure 14, 19, and 20.[1] [ECF No 22]  In its attached third-party complaint for declaratory judgment against Menards, Roberts, and Gibson, Defendant sought a ruling that Menards' rental agreement and the Missouri Motor Vehicle Financial Responsibility Law (MVFRL) required Menards to provide liability coverage to Roberts for the underlying accident and that Defendant's policy precluded UIM coverage because

---

[1] Pursuant to the terms of the November 2, 2021 case management order, any motion to join additional parties was due by December 21, 2021. [ECF No. 15] Defendant timely filed its motion for joinder on December 20, 2021.

"Menard's Rental Policy and corresponding applicable insurance coverage" had not been exhausted by Plaintiff. [ECF No. 22-1].

Plaintiff filed his response opposing the motion. [ECF No. 27] Plaintiff argues joinder is improper under Rule 14 because Defendant's proposed third-party complaint is for declaratory judgment and does not present a claim for derivative liability as required by the rule. Plaintiff maintains that joinder of Menards as a required party under Rule 19 is improper because Menards' presence in this case is not necessary to decide the question of whether Defendant owes Plaintiff UIM coverage under Defendant's policy and third-party derivative liability claims can be brought after judgment in the original cause of action. Plaintiff argues joinder is improper under Rule 20 because the permissive joinder of parties is a right belonging to plaintiffs which Defendant may not invoke. Plaintiff also contends that Defendant lacks standing to request a declaratory judgment seeking a determination of whether there is liability coverage under the rental agreement between Menards and Gibson because Defendant is a stranger to that contract.

In reply to Plaintiff's arguments, Defendant slightly amended its proposed third-party complaint. The amended third-party complaint remains a declaratory judgment action against Menards, Roberts, and Gibson but with additional allegations suggesting Defendant has a potential indemnity or contribution claim against Menards. [ECF No. 28-1] Specifically, Defendant included new allegations that: (1) Menards had a duty to provide liability coverage to Roberts by virtue of the MVFRL or any applicable automobile liability policy of Menards, (2) Menards wrongfully denied coverage for the accident, and (3) if Defendant was found liable to Plaintiff, Defendant was entitled to indemnity and/or contribution from Menards. [ECF No. 28-1 at 7-8] In the third-party complaint, Defendant continues to assert that Plaintiff is not entitled to coverage under Defendant's UIM policy because the policy contains an exhaustion provision and Plaintiff

3

failed to exhaust Menards' coverage. [ECF No. 28-1 at 7] In its prayer for relief, Defendant requests: (1) a declaration that Menards' rental agreement and the MVFRL requires Menards to provide liability insurance coverage to Roberts use of the rental truck and that Menards is considered an unexhausted source of liability bonds/policies under Defendant's automobile insurance policy, and (2) a declaration that Defendant's automobile insurance policy unambiguously precludes UIM coverage "given that Menard's Rental Policy and corresponding applicable insurance coverage" have not been exhausted by Plaintiff.

Based on the additional allegations, Defendant argues joinder of Menards is proper under Rule 14(a) because the amended third-party complaint alleges a claim for indemnity or contribution against Menards. [ECF No. 28 at 5] Defendant also asserts that Menards should be joined: (1) under Rule 19 as a required party because Defendant is "potentially at risk of incurring inconsistent obligations in the absence of" Menards and Menards joinder "will allow and facilitate the full, fair and proper determination of the rights of each party[,]" and (2) under Rule 20 as the permissive joinder of a party because "the questions sought to be litigated arise out of the same transaction, occurrence, or series of transactions or occurrences and any questions of law or fact common to all defendants will arise in the actions, namely the underlying automobile accident involving Plaintiff[.]" [ECF No. 28] Defendant maintains it has standing to bring the third-party declaratory judgment action because Defendant ultimately "seeks interpretation and declarations as to its own [] Policy" even though "this determination entails consideration of the existence and exhaustion of other insurance policies and coverages, namely that of Menards[.]" [ECF No. 28 at 6-7]

**II.    Discussion**

4

Defendant's motion for joinder and for leave to file a third-party complaint requests that the Court grant his motion to join Menards, Gibson, and Roberts as third-party defendants under Rules 14, 19, or 20, and for leave to file its amended third-party complaint for declaratory judgment against them.

      a.   Joinder of Gibson and Roberts

First, the Court considers Defendant's request to join Gibson and Roberts as third-party defendants. Under Federal Rule of Civil Procedure 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Therefore, "for a third-party claim to be valid, there must be a basis for liability between the third-party defendant and the defendant/third-party plaintiff." EQT Prod. Co. v. Terra Servs., LLC, 179 F.Supp.3d 486, 492 (W.D. Pa. 2016) (citing C. Wright, A. Miller, & M. Kane, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.). Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation …be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the …claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

While Defendant names Gibson and Roberts in the caption of his third-party complaint and the complaint includes some general allegations about them,[2] Defendant does not allege any cause of action against them and does not request any relief from them. The third-party complaint does not set forth a claim of liability against Gibson or Roberts and Defendant's motion for joinder does

---

[2] The third-party complaint includes allegations that Gibson rented a vehicle from Menards, that Roberts was operating the rental vehicle at the time of the accident, and that Roberts was a permissive user of the vehicle.

5

explain why it is seeking to join these parties. In the absence of any articulated claim against these individuals, Defendant's motion for joinder of Gibson and Roberts as third-party defendants is denied. See Krych v. Hvass, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (holding district court properly dismissed claims against defendants where *pro se* complaint was silent as to the defendants except for their names appearing in the caption).

      b. Joinder of Menards

With regard to its request to join Menards as a third-party defendant, Defendant asserts joinder is proper under Federal Rules of Civil Procedure 14, 19, and 20. For the sake of clarity, we will address Defendant's arguments out of order.

      i. Rules 19 and 20

Defendant argues that joinder of Menards is proper pursuant to Rule 19 because Defendant is at risk of incurring inconsistent obligations in the absence of Menards presence in the action and that having Menards in the action "will allow and facilitate the full, fair and proper determination of the rights of each party[.]" Defendant asserts that joinder under Rule 20(a) is proper since the questions sought to be litigated arise out of the same transaction, occurrence, or series of transactions or occurrences and questions of law or fact common to all defendants will arise in the action. The Court rejects Defendant's argument that Rules 19 and 20 allow Defendant to join Menards as a third-party defendant in this action because those rules are generally inapplicable to third-party practice.

Rule 19 provides in relevant part:

(a) Persons Required to Be Joined if Feasible.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

6

>   (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>       (i) as a practical matter impair or impede the person's ability to protect the interest; or
>       (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19 (a)(1).

Rule 19 governs the "required joinder of parties" and "provides that the court may, under proper circumstances, require the joinder of a non-party as a plaintiff, defendant or involuntary plaintiff." U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co., 265 F.R.D. 266, 270 (E.D. La. 2010), quoting Brooks v. Hickman, 101 F.R.D. 16, 18 (W.D. Pa. 1984). It is not a substitute for third-party practice under Rule 14 and it does not support the joinder of third-party defendants into a lawsuit. U.S. v. Dawn Properties, Inc., 64 F.Supp.3d 955, 963 (S.D. Miss., 2014); Branch Consultants, L.L.C., 265 F.R.D. at 270 ("Joinder of a non-party to an existing litigation as a plaintiff or defendant is not the same as an existing defendant's entirely new claims against a non-party.")

Here, Defendant does not seek to add Menards as a plaintiff, defendant, or involuntary plaintiff as an additional party to the existing lawsuit. Instead, Defendant seeks to initiate a new claim against Menards as a third-party defendant, a procedure dictated by Rule 14.

Similarly, Rule 20 is also not a substitute for third-party practice. Rule 20 provides in relevant part:

>   (a) Persons Who May Join or Be Joined.
>       …
>       (2) Defendants. Persons ... may be joined in one action as defendants if:
>           (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

>     (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 20(a) allows for the permissive joinder of a person as a plaintiff or defendant and does not encompass joinder of a person as a third-party defendant. Dunkin' Donuts USA, Inc. v. Sharif, Inc., 03-925, 2004 WL 3419629 * 2 (D. N.M. June 3, 2004). Furthermore, "Rule 20(a)(2) provides the framework for plaintiffs to join defendants; it does not provide a mechanism for a defendant to join parties, unless the defendant is asserting a crossclaim or counterclaim." Nixon v. Guzzetta, 272 F.R.D. 260, 262 (D.D.C. 2011). See also Chao v. St. Louis Internal Medicine, No. 4:06-cv-847, 2007 WL 29674 *2  (E.D. Mo. Jan. 3, 2007) (defendant may only join parties under Rule 20(a) by means of a counterclaim or crossclaim).

Defendant's third-party complaint against Menards is neither a counterclaim seeking relief against an opposing party, nor a crossclaim seeking relief against a proposed co-party. See Black's Law Dictionary (11th ed. 2019) (defining a counterclaim as "[a] claim for relief asserted against an opposing party after an original claim has been made, esp., a defendant's claim in opposition to or as a setoff against the plaintiff's claim."); Moore's Federal Practice - Civil § 13.90 (2022) ("Counterclaims are affirmative claims for relief, usually asserting a right to payment by a defending party in opposition to the claims of the plaintiff or other opposing party."); Black's Law Dictionary (11th ed. 2019) (defining a crossclaim is "[a] claim asserted between codefendants or coplaintiffs in a case and that relates to the subject of the original claim or counterclaim[.]"); 3 Moore's Federal Practice - Civil § 13.60 (2022) ("Crossclaims are affirmative claims for relief by one party against a coparty[,]" meaning "any party other than an opposing party."). Instead, Defendant is seeking to join Menards as a third-party defendant in order to bring a new claim against Menards, a procedure explicitly governed by Rule 14. Based on the foregoing, the Court

finds that Rules 19 and 20 are inapplicable to Defendant's request to join Menards a third-party defendant.

        ii.  Rule 14

Defendant argues joinder is proper under Rule 14(a) because the amended third-party complaint for declaratory judgment alleges that if Defendant is found liable to Plaintiff, then Defendant "is entitled to indemnity and/or contribution, in whole or in part, from Menards up to the amounts prescribed by the MVFRL and/or Menard's own liability insurance limits." [ECF No. 28 at 5]

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice. Rule 14, titled "Third-Party Practice[,]" states:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

Under the rule, "a third-party claim may be asserted only when the third party's liability is in some way [dependent] on the outcome of the main claim and the third party's liability is secondary or derivative." U.S. v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538, 708 F.2d 444, 452 (9th Cir. 1983). See also Moorhead Const. Co. v. City of Grand Forks, 508 F.2d 1008, 1012 (8th Cir. 1975) ("The fundamental principle of third party practice is that in order to maintain a third party complaint, a direct line of liability must be alleged to exist between the third party plaintiff and the third party defendant independent of that between the first party plaintiff and defendant."). It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim. One 1977 Mercedes Benz, 708 F.2d at 452. Derivative or secondary liability claims include those for indemnity, contribution, or subrogation.

9

McCain v. Clearview Dodge Sales, Inc., 574 F.2d 848, 850 (5th Cir. 1978); Branch Consultants, L.L.C., 265 F.R.D. at 272–73.

Rule 14(a)(1) is permissive, not mandatory. Branch Consultants, L.L.C., 265 F.R.D. at 272. The determination of whether to allow a defendant to implead a third-party defendant is entrusted to the sound discretion of the trial court. One 1977 Mercedes Benz, 708 F.2d at 452. "In determining whether to grant a party leave to file a third-party complaint, courts consider several factors which include avoiding circuitous actions, promoting judicial efficiency, obtaining consistent results, avoiding possible prejudice to other parties, the unreasonableness of the delay, and the lack of substance of the third-party complaint." Martin v. Lafon Nursing Facility of the Holy Family, Inc., No. 06-5108, 2007 WL 4163678, at *2 (E.D.La. Nov. 20, 2007) citing Am. Fid. & Cas. Co. v. Greyhound Corp., 232 F.2d 89, 92 (5th Cir.1956) and Reynolds v. Eveready Marine, Inc., No. 02-3062, 2003 WL 21088095, at *1 (E.D.La. May 7, 2003).

Defendant's original proposed third-party complaint against Menards was a declaratory judgment action. In response to Plaintiff's assertion that a third-party complaint must only be one for derivative liability, Defendant filed a slightly amended third-party complaint. Defendant's amended third-party complaint is still a declaratory judgment action against Menards but with the additional allegations that Menard's wrongfully denied liability coverage for Roberts and that Defendant is "entitled to indemnity and/or contribution, in whole or in part, from Menards" in the event Defendant is found liable to Plaintiff.  [ECF No. 28-1 at 8] In its prayer for relief, Defendant requests only declaratory relief, seeking declarations that: (1) Menards' rental agreement with Gibson and the MVFRL requires Menards to provide liability insurance coverage to Roberts use of the rental truck and that Menards is considered an unexhausted source of liability bonds/policies under Defendant's automobile insurance policy, and (2)  Defendant's automobile insurance policy

unambiguously precludes UIM coverage "given that Menard's Rental Policy and corresponding applicable insurance coverage" have not been exhausted by Plaintiff.

Despite Defendant's amendments, numerous issues still exist with Defendant's proposed third-party complaint, including that it is an action for declaratory judgment and only one for declaratory judgment. The third-party complaint specifically states it is a declaratory judgment action, that it is being brought pursuant to Rule 57[3] and 28 U.S.C. §2201[4], and it only requests declaratory relief. Despite including allegations that Defendant is entitled to "indemnity and/or contribution" from Menards if Defendant is found liable to Plaintiff, Defendant does not request a judgment in its favor against Menards for any damages it incurs in the lawsuit between Plaintiff and Defendant.

Even if declaratory judgment were an appropriate third-party complaint, which it is not, the specific declaratory relief sought by Defendant is problematic. In support of its motion for joinder, Defendant steadfastly asserts it has "standing" to bring the third-party declaratory judgment action against Menards because the third-party complaint "seeks interpretation and declarations as to [Defendant's] own [] policy[.]" [ECF No. 28 at 6] While Defendant is generally correct that it is "entitled to bring a declaratory judgment action pursuant to its own Policy language[,]" Defendant provides no factual or legal basis for bringing an action interpreting Defendant's policy language *against Menards*, an entity that is neither a party to, nor a beneficiary of, that policy. See Carden v. Missouri Intergovernmental Risk Management Ass'n, 258 S.W.3d 547, 558 (Mo. App. S.D. 2008) (Under Missouri law, a party has standing to obtain a declaration

---

[3] Federal Rule of Civil Procedure 57 governs the procedure for obtaining a declaratory judgment pursuant to 28 U.S.C. §2201.
[4] The Declaratory Judgment Act, 28 U.S.C.§§2201 and 2202, creates the remedy of declaratory judgment with which to adjudicate existing rights. Western Cas. & Sur. Co. v. Herman, 405 F.2d 121, 124 (8th Cir. 1968).

of rights, status, and legal relationship under any contract only if it is a party to the contract or a third party beneficiary thereof.)

With regard to the relief requested, the only connection to Menards is Defendant's request for a declaration that "Menards' Rental Agreement and the [MVFRL] requires and provides liability insurance coverage to [Roberts'] use of the [rental truck.]" Defendant asserts this relief is necessary because the existence of an insurance policy or coverage by Menards is necessary to the interpretation of Defendant's own policy language regarding the exhaustion of "any appliable liability bonds or policies" for UIM coverage. Giving Defendant's position its most generous interpretations, Defendant's complaint is either (1) a request for the Court to enter a declaratory judgment interpreting Defendant's own policy, a contract to which Menards is neither a party nor a beneficiary, or (2) a request for the Court to enter a declaratory judgment interpreting Menards' rental agreement with Gibson, a contract to which Defendant is neither a party nor a third-party beneficiary. Defendant has failed to present any compelling argument that he would be entitled to either. See Carden, 258 S.W.3d at 558 (only the parties to a contract or third-party beneficiary of a contract have standing to obtain a declaration of rights, status, and legal relationship under a contract).

In sum, the Court finds Defendant's proposed third-party complaint for a declaratory judgment is not a proper third-party complaint because it does not state a claim for derivative liability against any of the named third-party defendants. Furthermore, the Court finds that Defendant's proposed third-party complaint, as currently presented, does not sufficiently state a claim of indemnity or contribution against Menards to grant Defendant's motion for joinder and leave to file the proposed third-party complaint. The complaint, however, does contain some allegations suggesting Defendant may have a potential claim for derivative liability against

Menards. In consideration of these allegations, the Court will grant Defendant 10 days from the date of this Order to file a renewed motion requesting joinder under Rule 14 and for leave to file an amended third-party complaint for derivative liability.

III.     Conclusion

For the foregoing reasons, Defendant's Motion for Joinder of Additional Party and for Leave to File Third-Party Complaint is denied. The Court grants Defendant 10 days from the date of this Order to file a motion requesting joinder and for leave to file an amended third-party complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Joinder of Additional Party and for Leave to File Third-Party Complaint seeking to join Marilyn Gibson and Brandon Roberts [ECF No. 22] is **DENIED**.

**IT IS HEREBY ORDERED** that Defendant's Motion for Joinder of Additional Party and for Leave to File Third-Party Complaint seeking to join and file a third-party declaratory judgment against Menards  [ECF No. 22] is **DENIED**.

**IT IS FURTHER ORDERED** that, based on assertions within Defendant's third-party complaint related to derivative liability, Defendant is granted 10 days from the date of this Order to file a motion requesting joinder under Rule 14 and leave to file an amended third-party complaint.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of April, 2022.